IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **COLLEEN APPLETON,** : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **INTERGRAPH CORPORATION,** : <br> : <br> Defendant. : <br> : <br> : <br> : | **Criminal Action No.** <br> **5:07-CV-179-HL** |

# ORDER

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis on appeal (doc. 110). Plaintiff's application to proceed in forma pauperis is governed by Title 28, United States Code, Section 1915 and by Rule 24 of the Federal Rules of Appellate Procedure. Congress has conferred on this Court the power to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1] However, "the court shall dismiss the case at any time if the

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v.

1

court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(A)-(B).

Here, Plaintiff is requesting permission to proceed in forma pauperis for purposes of appealing the Court's July 30, 2008, order granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint against all defendants (doc. 107). Congress promulgated provisions specific to motions to proceed in forma pauperis on appeal: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. § 1915(a)(3).[2] An appeal is not taken in good faith as contemplated by § 1915 when an in forma pauperis applicant seeks the review of issues which can be deemed frivolous from an objective standpoint. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691-92 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).

---

Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

[2] Further, the Federal Rules of Appellate Procedure also govern motions to proceed in forma pauperis:
> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by the Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

"Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated." Busch, 189 F.R.D. at 692. "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citing Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)). The ultimate determination of whether the appeal is taken in good faith–and therefore not frivolous–is within the discretion of this Court. See Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337 (1948) ("We know of few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of this litigation, either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense.").

Here, the Court concludes that Plaintiff cannot proceed in forma pauperis because her appeal is not taken in good faith. As reflected in this Court's July 30, 2008, order granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff's Amended Complaint failed to allege facts sufficient to sustain the causes of action. In addition, the undersigned notes that Plaintiff has not provided a legal point on which to base the appeal of the dismissal of her Amended Complaint.[3]

---

[3] In the Notice of Appeal (doc. 109), Plaintiff's grounds for appeal appear to concern this Court's decision to not exercise supplemental jurisdiction over the asserted state law claims. However, a district court has the discretion to decline to exercise its supplemental jurisdiction when, as here, it has dismissed all claims

Accordingly, this Court certifies that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion to Proceed In Forma Pauperis on appeal is DENIED.  Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**SO ORDERED**, this the 3rd day of November, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

wjc

---

over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3).

4